The offense is burglary; the punishment, confinement in the penitentiary for two years.

The record is before us without a statement of facts or bills of exception.

We find in the record an affidavit on the part of appellant to the effect that he was unable to pay for a statement of facts or give security therefor. There is nothing in the record to show that said affidavit was called to the attention of the trial judge. It follows that a reversal of the judgment on the ground that appellant has been deprived of a statement of facts would not be warranted.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## McDOWELL v. STATE.
### No. 18350.

Court of Criminal Appeals of Texas.
April 22, 1936.

Chas. H. Mayer, of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for burglary; punishment assessed being three years in the penitentiary.

The record is before us without statement of facts or bills of exception. In such condition nothing is presented for review.

The judgment is affirmed.

## GRADY v. STATE.
### No. 18346.

Court of Criminal Appeals of Texas.
April 22, 1936.

H. S. Davis, of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for unlawfully carrying a pistol, punishment assessed being a fine of $100.

The record is before us without statement of facts or bills of exception. In such condition, nothing is presented for review.

The judgment is affirmed.